UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CURTIS D. RICHARDSON, ) | Civil Action No.: 4:08-cv-2596-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| SOUTH CAROLINA DEPARTMENT OF ) | |
| CORRECTIONS; WILLIE EAGLETON, ) | |
| Warden of Evans Correctional Institution; ) | |
| LT. HIPP; EVANS CONTROL TRANS- ) | |
| PORTATION AND CLASSIFICATION ) | |
| DEP'T PERSONNEL; individually and ) | |
| officially, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I.  INTRODUCTION

Plaintiff, who is proceeding pro se, was at all times relevant to the incidents set forth in his Complaint, housed at the Evans Correctional Institution (Evans). Plaintiff filed this action in state court in the Richland County Court of Common Pleas on June 17, 2008, and Defendants removed it to this Court on July 21, 2008.[1] Plaintiff alleges Defendants violated his right to access of the courts.

Presently before the Court is Defendants' Motion for Summary Judgment (Document # 15). Because he is proceeding pro se, Plaintiff was warned pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d

---

[1] The undersigned notes that Plaintiff is "struck out" under the "three strikes" rule of 28 U.S.C. § 1915(g). "Strikes" have been entered in at least four (4) of Plaintiff's prior cases: Civil Action No. 4:06-3503-RBH-TER ("strike" entered on May 24, 2007), Civil Action No. 4:06-0453-RBH-TER ("strike" entered on June 14, 2006), Civil Action No. 4:05-1075-RBH-TER ("strike" entered on December 15, 2005), and Civil Action No. 4:04-1256-RBH-TER ("strike" entered on October 7, 2004).

309 (4th Cir. 1975), that a failure to respond to the Motion could result in the dismissal of his claims. Plaintiff filed a Response (Document # 18) to the Motion.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

## II. FACTS AND ALLEGATIONS

Plaintiff sets forth the following allegations in his Complaint:

> On approximately early April 2008, court documents mandating a court appearance for May 5 through 7 2008 for myself was properly submitted to ECI (Evans Correctional Institution) personnel for transportation arrangements to the Horry County courthouse in Conway, South Carolina.
> ECI Personnel refused to transport me to court on May 5, 2008, May 6, 2008, and May 7, 2008. I received certified mail from the court which ordered my case dismissed due to my failure to appear in court on either date.
> This action of negligence on behalf of the above named Defendants violated my rights to the access of the court furthermore causing my case to be dismissed.

Complaint at 1 (attached to Notice of Removal). Plaintiff seeks $1,000,000 in damages.

Lisa Miller, Program Coordinator, Court Coordination Section in the State Classification Office, Columbia, South Carolina, is responsible for coordinating all transport orders for inmates to be transported for court appearances. Miller Aff. at ¶¶ 1-2. When a transport order is issued and received from the court or other court official, it is entered into the main SCDC computer system. Id. at ¶ 3. A message containing the date, time, inmate name and SCDC number, county destination and reason for transportation is then routed to the particular institution where the inmate is housed. Id.; Graham Aff. at ¶ 3. Each institution is responsible for making sure an inmate who receives a transport order is properly transported. Miller Aff. at ¶ 3.

Lieutenant Patricia Graham is responsible for all inmate transportation at Evans Correctional Institution ("ECI"). Graham Aff. at ¶ 1. All transport orders are generated by the State Classification Columbia, South Carolina office (the "Columbia Office") and routed to SCDC Institutions, including ECI. Id. at ¶ 3. When an inmate is required to be transported for a court appearance, a message is routed to ECI from the Columbia Office. Id. A list is then generated containing all inmates needing transports for a particular day. Id. If a transport message is not received from the Columbia Office regarding an inmate's transport, the inmate is not listed as needing a transport. Id. at ¶ 4. Inmates are transported according to the Columbia Office messages routed to ECI. Id.

On April 3, 2008, the SCDC received a transport order for Richardson for a court appearance in Horry County, South Carolina ("Horry County") on April 22, 2008. Miller Aff. at ¶ 4; Graham Aff. at ¶ 5; Kenealy Aff. at ¶ 2. The SCDC transported Richardson to court on April 22, 2008, and returned to ECI on April 22, 2008. Id. On May 21, 2008, the SCDC received a transport order for Richardson for a court appearance in Horry County on June 11, 2008. Miller Aff. at ¶ 5; Graham Aff. at ¶ 6; Kenealy Aff. at ¶ 2. The SCDC transported Richardson to court on June 11, 2008, and returned Richardson to Kirkland Correctional Institution ("Kirkland") on June 12, 2008. Id. Richardson returned to ECI on June 16, 2008. Id. The SCDC did not receive a transport order for Richardson on either May 5, 6 or 7, 2008. Miller Aff. at ¶ 6; Graham Aff. at ¶ 7; Kenealy Aff. at ¶ 3. Therefore, the SCDC did not transport Richardson to court on those days. Id.

Lieutenant Dwight Hips ("Hips") is the Dorm Lieutenant for Cheraw Unit at ECI. Hips Aff. at ¶ 1. Inmates come to Hips with legal materials that they need copied. Id. at ¶ 3. When an inmate brings Hips legal materials that they believe are necessary for a transport order, Hips escorts the inmate to a holding cell to wait while he presents the documents to the Operations Office

("Operations") for copying. Id. Hips then takes the legal material from the inmate and gives it to Operations. Id. Operations then copies the document, gives it back to Hips and Hips returns it to the inmate. Id.

As a Dorm Lieutenant, Hips is not responsible for arranging transportation for court appearances. Id. at ¶ 4. He only facilitates getting copies made of documents inmates believe should be copied in order for transportation to be arranged by other SCDC officials. Id. Hips helped inmate Richardson get copies made of legal materials several times, but does not recall any specific dates on which this occurred. Id. at ¶ 5.

Plaintiff presents a copy of a court roster for the Horry County Court of Common Pleas indicating that Plaintiff's case, Douglas v. Food Lion (Store) Hwy 501, 2008CP2601203, was scheduled for a hearing on a Motion to Dismiss for Monday, May 5, 2008, at 9:30. See Roster (attached as an Exhibit to Plaintiff's Response). Plaintiff also presents a copy of the Order dismissing his case. See Order (attached as an Exhibit to Plaintiff's Response). Contrary to Plaintiff's allegation, the case was dismissed, not for Plaintiff's failure to appear, but for improper service pursuant to Rules 12(b)(4) and (5), South Carolina Rules of Civil Procedure, and for failure to state a claim pursuant to Rule 12(b)(6). Id. The Order mentions Plaintiff's failure to appear at the hearing, but does not premise dismissal of the action upon that failure. Id.

### III. STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any

cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings. Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322. See also Cray

Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## III.   DISCUSSION[2]

### A.   42 U.S.C. § 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

### B.   Personal Involvement of Defendants Eagleton and Hips

Plaintiff's Complaint fails to allege any specific facts against Eagleton or Hips. In fact, these

---

[2]Defendants assert Plaintiff has not exhausted his administrative remedies because he did not appeal the denial of his Step 2 Grievance to the Administrative Law Court. However, although a prisoner may appeal the final decision of the detention center to the Administrative Law Court, it is not a required step prior to filing an action in this court. When Plaintiff's Step 2 grievance was denied, he had exhausted administrative remedies for the purposes of 42 U.S.C. § 1997(a) under the SCDC's policy. See Charles v. Ozmint, 2006 WL 1341267 (D.S.C. May 15, 2006); Jenkins v. South Carolina Dept. of Corrections, 2006 WL 1083563 (D.S.C. April 18, 2006) ("The decision of the 'responsible official' who answers Step 2 is the Department's final response in the matter."). Section 1997(a) does not require inmates to further appeal to Administrative Law Court before bringing a claim in federal court.

Defendants' names appear only in the caption to the case. Because Richardson has failed to set forth any facts which would support a claim against Defendants Eagleton and Hips, these Defendants should be dismissed. In his Response, Plaintiff asserts "if it is proven that Lt. Hips did not in fact properly present this document to transportation then he is liable." Response at 6. However, Plaintiff presents no evidence to support such a claim. In fact, earlier in his Response, Plaintiff appears to assert that Lt. Hips did escort him to operations for copying for the incident in question. Response at 5. Plaintiff has failed to present sufficient evidence as to his claim against Hips.

Furthermore, Eagleton cannot be held liable under a theory of respondeat superior. Under the doctrine of respondeat superior, an employer or supervisor is not liable for the acts of their employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Fisher v. Washington Metro. Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir.1982). Again, in his Response, Plaintiff argues "if [Eagleton] has an established policy of not instructing his staff to inquire to the courts relevant to documents presented to his subordinates for authenticity and ordering transport relevant to this finding then, he is liable." Response at 6. However, Plaintiff has presented no evidence that Eagleton has any such policy. Accordingly, Eagleton cannot be held liable for the alleged violations of employees at ECI.

C.     **"Persons" under 42 U.S.C. § 1983**

Defendant SCDC argues that it is not a "person" under § 1983. Likewise, the other named Defendants argue that in their official capacities they are not "persons" under § 1983. In Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989), the United States Supreme Court stated that a suit brought against "a state official in his or her official capacity is not a suit against the official

but rather is a suit against the official's office." Suits against officials in their official capacity are simply another way of pleading an action against the entity for which the official is an agent. Id. Additionally, states and state agencies are not "persons" as defined by 42 U.S.C. §1983 and therefore are not subject to suit under section 1983. Id. Therefore, Plaintiff's claims are barred against the SCDC and the other Defendants in their official capacities.

        **D.**        **Access to Courts**

Plaintiff alleges that one of his cases in Horry County was dismissed because he was not transported for a court appearance. He alleges that documentation was properly submitted which indicated the need for transportation for this court appearance.

Inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). This means that inmates must be given "'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis v. Casey, 518 U.S. 343, 351 (1996)(citing Bounds v. Smith, 430 U.S. 817). To state a claim for violation of the right to access to the court, an inmate must show some interference with this right or some deficiency in the legal resources available, as well as evidence of an actual injury or a specific harm related to litigation. Id. at 349. Prisoners do not have a cause of action under § 1983 for negligent interference by prison officials with their right of access to the courts. Pink v. Lester, 52 F.3d 73, 75 (4th Cir.1995) ("negligent denial of access to the courts is not actionable under § 1983.")

A prisoner must allege adverse consequence as a basis for allegations that the defendant's actions deprived him of meaningful access to the courts. White v. White, 886 F.2d 721 (4th Cir.1989); Morgan v. Montanye, 516 F.2d 1367 (2d Cir.1975) cert. denied, 424 U.S. 973, 96 S.Ct. 1476, 47 L.Ed.2d 743 (1976). Actual injury must be more than theoretical deficiencies, it is showing that the

alleged deficiencies have hindered or are hindering a prisoner's efforts to pursue a legal claim. Lewis v. Casey, 518 U.S. at 349.

Plaintiff has shown that he received notice of a court hearing on a Motion to Dismiss scheduled for May 5, 2008, that he was not transported to the hearing, and that the Motion to Dismiss was granted and his case was dismissed. However, in his Complaint, he alleges that he missed the Court appearance due to the negligence of Defendants. Negligence does not rise to the level of a constitutional violation and is not actionable under § 1983. See Pink v. Lester, 52 F.3d at 75. The evidence presented by both Plaintiff and Defendants indicates that Plaintiff and other inmates were routinely transported for court appearances when documentation showing the need for such transportation was presented to the proper officials. Plaintiff fails to present sufficient evidence to indicate that the failure to transport Plaintiff for his court appearance on this particular occasion was anything more than negligence.

Furthermore, Plaintiff fails to show injury that rises to the constitutional level. Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." Lewis, 518 U.S. at 353-55. The Lewis Court added that the right to access the court

> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools . . . require[d] to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Id. at 355. Although the type of case pending before the Horry County Court of Common Pleas is not explicitly set forth, the Order reveals that it was asserted by Plaintiff and another pro se

individual against Food Lion. Thus, it clearly was not a direct appeal from a conviction or an application for post-conviction relief. Furthermore, it likely was not a civil rights action as Food Lion likely was not acting under color of state law. Finally, the Order dismissing the case indicates that "the Complaint contains no allegations whatsoever with regard to the Plaintiff, Curtis D. Richardson. In fact, there is no mention of the Plaintiff, Curtis D. Richardson, in the Complaint at all, beyond the inclusion of his name in the caption of that pleading." Order at 2. Plaintiff fails to present any evidence of what effect his being present for the hearing may have had on the determination made by the court. Therefore, summary judgment is appropriate on Plaintiff's access to courts claim.

E.    **Qualified Immunity**

Defendants also assert that they are entitled to qualified immunity in their individual capacities. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow, 457 U.S. at 818.

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." Wilson v. Layne, 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999); see also Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir.2000). Further, the Supreme

Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." Wilson, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." Porterfield v. Lott, 156 F.3d 563, 567 (4th Cir.1998). As discussed above, Plaintiff has failed to present sufficient evidence to support his constitutional violation allegations.

Assuming arguendo that Plaintiff has presented sufficient evidence of a constitutional violation, Defendants are entitled to qualified immunity from suit.

In Maciariello v. Sumner, 973 F.2d 295 (4th Cir.1992), the Fourth Circuit Court of Appeals further explained the theory of qualified immunity:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

Maciariello, 973 F.2d at 298. Defendants have not transgressed any "bright lines" of constitutional conduct and, as such, are entitled to qualified immunity.

### F. State Law Cause of Action

Plaintiff fails to submit sufficient evidence to create a genuine issue of material fact on his § 1983 claim. Thus, it is recommended that summary judgment be granted. If the district judge accepts this Report and Recommendation, then the original federal jurisdiction claim will be dismissed. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims

over which it has original jurisdiction . . . ." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989). Therefore, to the extent Plaintiff has raised any state law causes of action, the undersigned recommends that the district judge decline to retain jurisdiction over those claims.

**V.    CONCLUSION**

For the reasons set forth above, it is recommended that Defendants' Motion for Summary Judgment (Document # 15) be granted and this case be dismissed in its entirety.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

August 13, 2009
Florence, South Carolina

**The parties are directed to the important notice on the following page.**